IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES F. HYMES | ) | |
| | ) | CASE NO. 5: 08 CV 0203 |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION AND |
| COMMISSIONER OF SOCIAL SECURITY, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

This action is before the Court upon the Report and Recommendation of the Magistrate Judge. After reviewing de novo the Magistrate's Report and Recommendation and the Defendant's objections, this Court OVERRULES the objections and ADOPTS the Report and Recommendation. The decision of the Administrative Law Judge is AFFIRMED.

**I.    Facts**

In August 1999, Plaintiff was at work when a weight fell from 20-30 feet overhead and struck him on the left shoulder and neck. As a result of this injury, Plaintiff has had a series of complications in his neck and back that cause him pain. In July 2000, Plaintiff also began to experience numbness in his hands consistent with carpal tunnel syndrome, for which he later had surgery in 2001. Additionally, in May 2002, Plaintiff underwent cervical decompression and fusion surgery for a cervical disc herniation caused by the 1999 injury. After that surgery, Plaintiff began to experience lower back pain and attended a pain management center.

Following all of the above, various tests of Plaintiff's residual functional capacity ("RFC") allowed for either complete or slightly limited use of his hands.  In May 2003, Plaintiff claims to have become totally disabled, resulting in this litigation.

## II.     Procedural History

On April 7, 2004, Plaintiff filed an application for Disability Insurance Benefits, relying on limitations related to a lumbar stenosis and degenerative disk disease.  On May 18, 2007, an Administrative Law Judge ("ALJ") determined that Plaintiff had the RFC to perform his past relevant work, as well as other jobs of significant quantity in the national economy and thus was not disabled.  On appeal, the Magistrate Judge properly dismissed four out of Plaintiff's five claims, but assigned error on the fifth.  The Magistrate recommended that the case be remanded to the ALJ based on the ALJ's omission of a limitation regarding carpal tunnel in his hypothetical to the Vocational Expert ("VE").  This Court rejected that recommendation and remanded the matter to the Magistrate for further consideration.  Doc. 18.  On November 14, 2008, the Magistrate judge issued a second Report, recommending that the ALJ's decision be upheld.

## III.    Standard of Review

When the Magistrate Judge submits a Report, this Court is required to conduct a de novo review of those portions of the Report to which an objection has been made.  28 U.S.C. § 636(b).  The Court need not articulate its reasons for ruling on objections so long as a de novo review was made.  *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

This Court's review of the ALJ's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the ALJ's findings. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 306 U.S. 197, 229 (1938)). If substantial evidence supports the ALJ's decision, the decision must be affirmed even if a reviewing court would decide the matter differently. *See Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

> The substantial-evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Id.* However, in determining whether substantial evidence supports the ALJ's findings, the Court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Court must also consider whether the proper legal standards were employed. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

**IV.     Analysis**

This Court remanded the matter to the Magistrate for consideration of one issue. The Magistrate was asked to determine "whether the number of available surveillance system

3

monitor positions was sufficient for the Commissioner to meet his burden." Doc. 18 at 7.  The Magistrate concluded that there were a sufficient number of such jobs.  Plaintiff has objected to the Report on apparently two grounds.  First, Plaintiff contends that the ALJ should be required to make the instant determination prior to such a ruling from the Magistrate.  Second, Plaintiff contends that there are not a substantial number of system monitor positions.  The Court finds no merit in either objection.

> In defining disability within the meaning of the Act, Congress provided as follows:
>
> "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A). This requirement is explained further in the applicable regulation.

> Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications.  Isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where you live are not considered "work which exists in the national economy."  We will not deny you disability benefits on the basis of the existence of these kinds of jobs.

20 C.F.R. § 404.1566(b).

> We are not blind, however, to the difficult task of enumerating exactly what constitutes a "significant number."  We know that we cannot set forth one special number which is to be the boundary between a "significant number" and an insignificant number of jobs.  The figure that the ALJ here found is not that magic number; the 1350 figure is to be viewed in the context of this case only.  A judge should consider many criteria in determining whether work exists in significant numbers, some of which might include: the level of claimant's disability; the reliability of the vocational expert's testimony; the reliability of the claimant's testimony; the distance claimant is capable of travelling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on.  The decision should ultimately be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation.

*Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988).

Plaintiff appears to contend that the Magistrate cannot make a determination regarding whether there are a significant number of jobs available to him.  Specifically, in the ALJ's initial decision, he relied upon the fact that Plaintiff could perform the occupations of information clerk, eyeglass assembler, and surveillance system monitor.  This Court, however, has determined that the record supports only that Plaintiff could perform the surveillance system monitor position.  Plaintiff, therefore, argues that the ALJ must determine whether the 7,500 system surveillance monitor positions constitute a significant number standing alone.  The Court disagrees.

This Court need not remand a case if such would be an "idle and useless formality[.]" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004) (quoting *NLRB v. Wyman-Gordon*, 394 U.S. 759, 766 n.6 (1969)).  In this matter, the Magistrate clearly applied the proper law and facts in reaching his decision that a significant number of jobs existed that Plaintiff could perform.  Indeed, Plaintiff has offered no law or argument to suggest that the Magistrate's legal conclusion is incorrect.  Accordingly, the Court incorporates the Magistrate's correct and thorough analysis herein.  Consequently, it would be a useless formality to remand the matter to an ALJ and the Court declines to do so.

In his second objection, Plaintiff asserts "[i]n the alternative, Plaintiff respectfully requests that this Court find the numbers to be insignificant."  Doc. 20 at 2.  Plaintiff has offered no law or argument in support of this conclusory statement.  The Court will not craft an argument on behalf of the Plaintiff.  Instead, the Court finds this to be a general objection which is akin to no objection at all.  Accordingly, this second objection is overruled.

**V. Conclusion**

IT IS ORDERED that the Magistrate Judge's Report and Recommendation is ADOPTED IN WHOLE, the Plaintiff James Hymes is denied disability insurance benefits.  Final judgment is entered in favor of the Commissioner, AFFIRMING its findings.

IT IS SO ORDERED.

December 8, 2008  /s/ John R. Adams
DATE  JUDGE JOHN R. ADAMS
  UNITED STATES DISTRICT COURT